**Rabbi Irving GREENBERG et al.,
Plaintiffs,**

v.

**Patrick V. MURPHY, Police Commissioner of the City of New York, John V. Lindsay, Mayor of the City of New York, Defendants.**

**No. 71 Civ. 2478.**

United States District Court,
S. D. New York.

June 30, 1971.

------◆------

Burt Neuborne, New York City, for plaintiffs.

J. Lee Rankin, Corporation Counsel, New York City, for defendants.

GURFEIN, District Judge.

The plaintiffs purportedly acting on their own behalf and on behalf of all others similarly situated are four Rabbis who wish to protest the treatment by the Soviet Union of Jews in that country by dramatizing "plaintiffs' request that the United States Government utilize its good offices to attempt to mitigate the harshness of the current wave of anti-Jewish activity sweeping the Soviet Union." They have offered no evidence that the United States Government has, in fact, refused its good offices.

The plaintiffs have instituted this action for a declaratory judgment and injunctive relief predicating jurisdiction of this Court on 28 U.S.C. Section 1343(3) claiming that the plaintiffs are being deprived of rights, privileges and immunities guaranteed to them under the First Amendment and the Fourteenth Amendment of the Constitution. The plaintiffs have also moved for a preliminary injunction against the Police Commissioner and the Mayor of the City of New York. They seek to prevent the Police Commissioner and the Mayor from enforcing their regulations concerning picketing near the "United Nations headquarters district." They contend that by prohibiting picketing in the "immediate vicinity" of the United States Mission to the United Nations the defendants are depriving plaintiffs of their rights under the First and Fourteenth Amendments to the Constitution. The defendants contend that the plaintiffs' rights have not been violated and that the regulations in question are reasonable and necessary in view of the topographic and physical circumstances presented at the United Nations headquarters district.

The United Nations headquarters district is an area six city blocks long and one avenue block wide. It is bounded on the north by East 48th Street, on the south by East 42nd Street, on the east by Franklin Delano Roosevelt Drive, and on the west by First Avenue. The United States Mission is located on the west side of First Avenue and 45th Street.

The defendants rely upon the reasonableness of their non-discriminatory regulation which will be set forth herein. The City of New York points out that the plaintiffs and all others *are* in fact permitted to demonstrate within the immediate vicinity of the United States Mission although picketing directly in front of the United States Mission on the west side of First Avenue is prohibited to all. The Police Order provides for six areas, all visible from the United States Mission from which up to 5,000 people can direct their message. As to the United States Mission itself the Order permits "token picketing only" in the area between 44th and 45th Streets and on 45th Street at the side of the building.

Small escorted groups are permitted to approach the front of the United States Mission for a short time while arrangements are made for one or two of the group to present a petition for the redress of grievances to an officer of the Mission. Also a small group of demonstrators, not more than fifteen, are permitted to picket on the northerly side of 45th Street facing an entrance to the Mission and within view of its employees. This procedure provides free access to the Mission by diplomats on official business.

The Order further provides: "As a matter of policy, picketing will not be permitted on the east side of First Avenue, in front of the United Nations

headquarters." The Order makes further reference to various limitations imposed by the agreement between the United States and the United Nations, ratified by the Congress. It was conceded by the plaintiffs at the argument that the City of New York has not been discriminatory in the application of these Police regulations.

I find that the City of New York has ample Constitutional authority to prevent the plaintiffs from picketing and demonstrating in front of the United States Mission to the United Nations on the west side of First Avenue, as well as the south side of 45th Street in front of the building.

The general area in which the limitation on demonstrations is imposed and which includes the area directly in front of the United States Mission involves an area of five short city blocks on the westerly side of First Avenue.

The Police say this limitation is essential, for the sidewalk along the *easterly* side of First Avenue opposite the United States Mission is about fifteen feet wide next to which is a narrow landscaped area. The only barrier around the United Nations headquarters on the east side of First Avenue is an easily scalable fence which is primarily ornamental. Beyond the fence are the flags of the United Nations and various plazas. In order to insure that no unauthorized persons enter the area a buffer had to be created somewhere before the United Nations headquarters district is reached since it, unlike a building, or an area surrounded by a high fence, provides no significant barrier to those seeking to enter it. The Police problem is further complicated by the fact that the United Nations has "the exclusive right to authorize or prohibit entry of persons and property into the headquarters district" and, therefore, the local Police zone can only start on the westerly side of First Avenue where the United States Mission is. The Police Department contends that it cannot otherwise maintain a security back up without infringing on the United Nations headquarters district itself. The traffic problems on First Avenue also make it difficult for Police reserves to be brought up in the event of mob violence.

For the foregoing reasons, as a measure of protecting public order, the Police claim that their regulation on demonstrations is reasonable. They point out, moreover, that the City shows that it does not intend to stifle peaceful demonstrations because it *does* allow demonstrations in the park on 47th Street between First and Second Avenues which accommodates 3,000 to 5,000 persons. The Police Department claims, moreover, that its conduct is practically mandated by the United Nations Agreement with the United States. Section 16(a) of the Agreement provides:

"The appropriate American authorities shall exercise due diligence to ensure that the tranquility of the headquarters district is not disturbed by the unauthorized entry of groups of persons from outside or by disturbances in its immediate vicinity and shall cause to be provided on the boundaries of the headquarters district such police protection as is required for this purpose."

Experience in the past has shown, according to the Police, that serious problems have arisen in connection with demonstrations in the area involving the destruction of United Nations property and flags of the member nations. A group of demonstrators which had grown unexpectedly large in October of last year ran across Fifth Avenue and pulled down a flag. Other demonstrators have chained themselves to the fence surrounding the headquarters and attempted to immolate themselves.

The United States Mission to the United Nations and the United Nations itself must retain the ability to conduct their affairs without any hindrance. The Supreme Court has distinguished between free speech and activity which while it may be intertwined with free speech is merely conduct. Picketing and marching come within the category of conduct. Such conduct is subject to reasonable regulation. Cox v.

Louisiana, 379 U.S. 559, 563, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965) (Black, J. concurring at 578); Cox v. New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L. Ed. 1049 (1941); see Cantwell v. Connecticut, 310 U.S. 296, 304, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940).

As Mr. Justice Roberts said in Cantwell v. Connecticut, *supra*. "It is equally clear that a state may by general and non-discriminatory legislation regulate the times, the places, and the manner of soliciting upon its streets, and of holding meetings thereon; and may in other respects safeguard the peace, good order, and comfort of the community, without unconstitutionally invading the liberties protected by the Fourteenth Amendment." And the Supreme Court by Mr. Justice Goldberg has said that "The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions to express may address a group at any public place at any time" (Cox v. Louisiana, 379 U.S. 536, 554, 85 S.Ct. 453, 464, 13 L.Ed.2d 471 (1965)).

The showing of the reasonableness of the regulation by the Police and its non-discriminatory character establish that there is no violation of either the First Amendment or the Fourteenth Amendment which incorporates within it the free speech provision of the First Amendment. (Cantwell v. Connecticut, *supra* at 303, 60 S.Ct. 900).

I find that the plaintiffs have no reasonable probability of success in their main action against the Mayor and the Police Commissioner. Accordingly, the motion to enjoin the defendants from arresting or threatening to arrest the plaintiffs for peacefully assembling in the immediate vicinity of the United States Mission to the United Nations is in all respects denied.

The foregoing shall constitute findings of fact and conclusions of law under Rule 52(a) of the Federal Rules of Civil Procedure.

So Ordered.